**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4439**
_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

DARNELL TORENSE MIDDLETON, a/k/a Tyrone Jeraldo Middleton,
a/k/a Snoop,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Sol Blatt, Jr., Senior District
Judge.  (2:10-cr-00024-SB-1)

_____

Submitted:  January 30, 2012          Decided:  February 3, 2012

_____

Before SHEDD, DAVIS, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Cameron  J.  Blazer,  Assistant  Federal  Public  Defender,
Charleston,  South  Carolina,  for  Appellant.   Sean  Kittrell,
Assistant  United  States  Attorney,  Charleston,  South  Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darnell Torense Middleton appeals the 128-month sentence imposed following his guilty plea to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and (b)(1)(D) (West 1999 & Supp. 2011) (Count One); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (2006) (Count Two), and possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a) (2006) (Count Three). Counsel for Middleton filed a brief in this court in accordance with Anders v. California, 386 U.S. 738 (1967), questioning the reasonableness of Middleton's sentence and whether the district court complied with Federal Rule of Criminal Procedure 11. Counsel states, however, that he has found no meritorious grounds for appeal. Middleton received notice of his right to file a pro se supplemental brief, but did not file one. The Government declined to file a brief. Because we find no meritorious grounds for appeal, we affirm.

Because Middleton did not move in the district court to withdraw his guilty plea, the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Middleton] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v.

Muhammed, 478 F.3d 247, 249 (4th Cir. 2007). Here, the record confirms that the district court fully complied with the requirements of Rule 11.

We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). We begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. If there are no procedural errors, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

"When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (emphasis omitted). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must

3

"'state in open court'" the particular reasons that support its chosen sentence. Id. (quoting 18 U.S.C.A. § 3553(c) (West 2000 & Supp. 2010)). The court's explanation need not be exhaustive; it must be "sufficient 'to satisfy the appellate court that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (alterations omitted).

We conclude that the sentence imposed by the district court was both procedurally and substantively reasonable. The district court correctly calculated the Guidelines range and understood that it was advisory, considered the § 3553(a) factors, and adequately explained the sentence. Thus, we conclude that the court imposed a reasonable sentence under the circumstances.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Middleton, in writing, of the right to petition the Supreme Court of the United States for further review. If Middleton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

4

representation.  Counsel's motion must state that a copy thereof was served on Middleton.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED